

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 31, 2015

Ms. Sheryl Tavarez
Coke County Auditor
13 East 7th Street
Robert Lee, Texas 76945

Opinion No. KP-0012

Re: Validity of a salary increase for the sheriff that exceeded the amount listed in the initial public notice required by section 152.013 of the Local Government Code (RQ-1226-GA)

Dear Ms. Tavarez:

You ask about the validity of a recent salary increase for the Coke County Sheriff.[1] You explain that after the commissioners court attempted to adopt a salary increase in the budget for the sheriff, you determined that the statutory procedure for increasing the sheriff's salary had not been followed. *See* Request Letter at 1. You explain that the commissioners court subsequently attempted to correct the procedural defect and then readopted the budget with the salary increase for the sheriff. *See id.* at 2. You have received conflicting advice about whether the matter was properly corrected, and thus you request an opinion as to "the correct amount" of the sheriff's salary for the 2014–2015 budget year. *Id.*

The salary-setting process for county officers involves two related sets of procedural requirements in the Local Government Code that are relevant here. First, the general budget preparation provisions of chapter 111, subchapter A, direct the county judge to "prepare a budget to cover all proposed expenditures of the county government for the succeeding fiscal year."[2] TEX. LOC. GOV'T CODE ANN. § 111.003(a) (West 2008). The proposed budget is filed with the county clerk and made available for public inspection. *See id.* § 111.006(a)–(b). Afterward, the "commissioners court shall hold a public hearing on the proposed budget" in the time specified by statute. *Id.* § 111.007(a). The commissioners court must notify the public of the date of the hearing on the proposed budget. *See id.* § 111.007(c). The court must additionally publish a notice of the

[1]*See* Letter from Ms. Sheryl Tavarez, Coke Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 6, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Subchapter A of chapter 111 governs budget preparation in counties with a population of 225,000 or less. *See* TEX. LOC. GOV'T CODE ANN. § 111.001 (West 2008). The population of Coke County is 3,320. *See* U.S. Census Bureau, U.S. Dep't of Commerce, 2010 Census of Population, http://quickfacts.census.gov/gfd/.

public hearing in a newspaper of general circulation between 10 and 30 days before the hearing. *See id.* § 111.0075(a)–(b). "At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget," which may include "mak[ing] any changes in the proposed budget that it considers warranted by the law and required by the interest of the taxpayers." *Id.* § 111.008(a)–(b) (West Supp. 2014).[3] "On final approval of the budget by the commissioners court," the budget is filed with the county clerk and, if the county maintains an Internet website, posted online. *Id.* § 111.009(a)(1)–(2).

The second set of requirements, relating specifically to the setting of officers' compensation, directs the commissioners court to set the salaries of elected county and precinct officials "at a regular meeting of the court during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a) (West 2008). Any salaries that are proposed to be increased, and the specific amount of the proposed increase, must be published in a notice in a newspaper of general circulation at least 10 days before the date of the meeting. *See id.* § 152.013(b). Before filing the annual budget with the county clerk, the commissioners court must additionally notify "each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." *Id.* § 152.013(c). A county officer who is aggrieved by the salary set by the commissioners court may request a hearing before a salary grievance committee "before the approval of the county's annual budget." *Id.* § 152.016(a); *see also id.* § 152.014 (salary grievance committee).

You inform us that on August 11, 2014, the commissioners court set the salaries of all Coke County elected officials with no salary increases and that the sheriff did not request a hearing from the grievance committee. *See* Request Letter at 1. You state that the commissioners court subsequently held a public hearing to discuss the budget and tax rates and that "motions were made to give the Sheriff and the Deputies a 7% salary increase." *Id.* You tell us that at the conclusion of the hearing, the budget was adopted with the salary increases in place. *See id.* After the budget had already been adopted, you explain your realization that the public notice of salary increase required by subsection 152.013(b) "had not been properly given." Request Letter at 1; *see also* TEX. LOC. GOV'T CODE ANN. § 152.013(b) (West 2008). You tell us that a notice of salary increase was then published in the newspaper for ten days.[4] Request Letter at 2. Subsequently, the commissioners court had another public hearing on September 22, 2014, at the conclusion of which you tell us the court "re-adopted" the 2014–2015 general budget with the salary increase for the sheriff in place. *Id.*

"*After final approval of the budget*, the commissioners court may spend county funds only in strict compliance with the budget, except in an emergency." TEX. LOC. GOV'T CODE ANN. § 111.010(b) (West 2008) (emphasis added); *see also id.* § 111.010(c) (providing that an "emergency" requires "a case of grave public necessity to meet an unusual and unforeseen

---

[3]This office has previously construed the requirement of taking "action" in subsection 111.008(a) to include scheduling a subsequent hearing. Tex. Att'y Gen. Op. No. GA-0929 (2012) at 3 n.5.

[4]The facts provided do not indicate whether the commissioners court provided the individual notice to officers required by subsection 152.013(c) of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 152.013(c) (West 2008).

condition that could not have been included in the original budget through the use of reasonably diligent thought and attention"). "Because a commissioners court may not adopt [officers'] salaries at a meeting outside of the 'regular annual budget hearing and adoption proceedings,' a commissioners court that failed to publish proper notice has 'no legal mechanism' by which to remedy an error after the budget has been finally adopted." Tex. Att'y Gen. Op. No. GA-0162 (2004) at 2 (citation omitted) (addressing an elected county official's salary increase under similar circumstances); *see also* Tex. Att'y Gen. Op. Nos. JM-839 (1988) at 5–6, JM-326 (1985) at 2–3; Tex. Att'y Gen. LO-95-018, at 2 (all concluding that the plain language of subsection 152.013(a) of the Local Government Code (formerly article 3912k) restricts a county commissioners court's ability to change elected county officers' salaries to the regular, annual budget hearing and adoption proceedings only, and does not permit changes at any other time). Answering your question therefore requires a determination of when the budget was finally approved.

Sections 111.008 and 111.009 of the Local Government Code outline the procedures for final approval of a budget, including filing it with the county clerk. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.008–.009 (West Supp. 2014). Although you explain that the commissioners adopted a budget at the initial budget hearing, you do not tell us whether the commissioners court performed the other steps necessary to accomplish final approval at that time. The 2014–2015 approved budget posted on the Coke County website, however, appears to have been certified and filed with the county clerk on September 2, 2014. If the final approval of the budget occurred on September 2, 2014, then any subsequent vote to readopt the salary increase for the sheriff would be invalid because it would have occurred outside the "regular budget hearing and adoption" process. *Id.* § 152.013(a) (West 2008). In addition, the original salary increase was also invalid because proper notice of the increase in salary had not been given pursuant to subsection 152.013(b) of the Local Government Code. *See id.* § 152.013(b). Based on this information, and because the salaries of elected county officers may be set only "during the regular budget hearing and adoption proceedings," the salary of the sheriff for 2014–2015 is the amount that was in place during the prior fiscal year.[5] *Id.* § 152.013(a).

---

[5]You do not ask about the validity of a salary increase for the deputy sheriffs. Consequently, we do not address it.

## S U M M A R Y

Subsection 152.013(b) of the Local Government Code requires a commissioners court to provide public notice of a proposed budget increase to a sheriff's salary prior to setting the sheriff's salary, and failure to do so invalidates any increase. Subsection 111.010(b) of the Local Government Code prohibits the commissioners court from making changes to officers' salaries after the budget has been finally approved. If the Coke County Commissioners Court finally approved its budget prior to providing the required notice of the sheriff's proposed salary increase, the sheriff's salary for 2014–2015 must remain at the prior year's amount.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee